CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| THOMAS TULLY, ) | Civil Action No. 7:16-cv-00296 |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HAROLD CLARKE, ) | By:   Hon. Michael F. Urbanski |
|     Respondent. ) |         United States District Judge |

Thomas Tully, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss on September 8, 2016, and Petitioner had twenty-one days thereafter to reply to the motion to dismiss. On September 19, 2016, the court received Petitioner's motion for a temporary restraining order ("TRO") seeking immediate access to a prison law library to prepare a reply. For the following reasons, the motion to dismiss is **DISMISSED** without prejudice and the motion for a TRO is **DENIED**.

Respondent argues that the petition must be dismissed as successive pursuant to 28 U.S.C. § 2244(b) because Petitioner had already filed a federal habeas petition and had not received authorization from the Court of Appeals for the Fourth Circuit to file the instant petition. "However, it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006); see also Panetti v. Quarterman, 551 U.S. 930, 942-47 (2007) (holding that a numerically second § 2254 habeas petition is not governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition). Petitioner's sole habeas claim alleges that newly-discovered evidence warrants vacating his convictions. Because Respondent has not addressed any of the exceptions to the authorization requirement, the motion

to dismiss is **DISMISSED** without prejudice, and Respondent shall file a new response within thirty days. Petitioner's motion for a TRO seeking accommodations to reply to the dismissed motion is **DENIED as moot.**[1]

The Clerk shall send a copy of this Order to the parties.

It is so **ORDERED.**

ENTER: This 29 day of September, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Alternatively, the motion for a TRO must be **DENIED** because Petitioner fails to satisfy the requirements of Federal Rule of Civil Procedure Rule 65(b) and Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20-24 (2008). Notably, Petitioner does not describe an immediate and irreparable injury, and intervening in prison administration to determine the law library schedule would be unduly burdensome to correctional officials. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials).

2

Case 7:16-cv-00296-MFU-RSB   Document 12   Filed 09/29/16   Page 2 of 2   Pageid#: 45