CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS TULLY, | ) | CASE NO. 7:16CV00296 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Thomas Tully, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Frederick County Circuit Court. Respondent filed a motion to dismiss Tully's § 2254 petition, and Tully responded, making the matter ripe for disposition. After review of the record, the court concludes that Tully's petition is successive, procedurally defaulted, and without merit, requiring the motion to dismiss to be granted.

### I. Background

In 2007, the Frederick County Circuit Court convicted Tully of breaking and entering with intent to commit assault and battery, malicious wounding, misdemeanor assault and battery, and two counts of maliciously causing bodily injury by a caustic substance. The circuit court sentenced him to twenty-five years imprisonment. Tully appealed his convictions, but the state appellate courts denied his appeals. Tully then filed two petitions for a writ of habeas corpus, but the Virginia Supreme Court denied both petitions, as well as a petition for a rehearing. Tully then filed a federal habeas action in the Eastern District of Virginia, which the court denied in 2011.

Years later, in 2015, Tully filed a third state habeas petition in the Frederick County Circuit Court, claiming that the Commonwealth withheld exculpatory evidence and knowingly presented false testimony related to his daughter's statement at trial that a "red substance" in a photograph of her arm and shirt was "I guess blood from my mom or me." Tr. 437-38. Tully argues that because the Commonwealth did not collect any "biological evidence" at the scene, no forensic analysis was ever performed on Tully's daughter's shirt or arm; therefore, the testimony should not have been admitted, and the Commonwealth withheld evidence by (1) not testing the substance and (2) not informing Tully that the substance was never tested. The circuit court found the claims defaulted and without merit. The Virginia Supreme Court refused his appeal.

Tully then filed the present petition, raising the same claims as in his 2015 state habeas petition. Initially, the court entered an order denying the respondent's motion to dismiss without prejudice seeking to have Tully request permission from the Fourth Circuit to file a successive petition under 28 U.S.C. § 2244(b)(2). The respondent supplemented the motion to dismiss, and argues that (1) the petition is indeed successive, (2) the claims are procedurally defaulted, and (3) the claims are without merit.

## II. Standards of Review

### A. Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the consideration of second or successive habeas petitions. See In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (abrogated on other grounds by In re Gray, 850 F.3d 139 (4th Cir. 2017)). Generally, the court must dismiss with prejudice any second or successive claims

2

previously adjudicated on the merits. 28 U.S.C. § 2244(b); see also Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003). Additionally, a petitioner cannot bring "new" claims in a second or successive petition unless the applicant receives permission from the appropriate court of appeals by showing that (1) the claim relies on a new, previously unavailable, and retroactively applied rule of constitutional or federal law, or (2) if the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven, would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d at 235. Petitions that are not considered successive include: (1) if a petition is first dismissed without prejudice on technical grounds, such as failure to exhaust state remedies, (2) if a claim was not ripe at the time of the first petition, such as when a judgment intervenes between the two habeas petitions and the new application challenges the new judgment, or when a petitioner seeks to file a Ford v. Wainwright, 477 U.S. 399 (1986) mental incompetency claim, and (3) when a prisoner uses a motion pursuant to 28 U.S.C. § 2255 or § 2254 to regain a right to appeal. See, e.g., In re Williams, 444 F.3d at 235 (discussing technical grounds); In re Gray, 850 F.3d at 142 (discussing new petition for intervening judgment); Panetti v. Quarterman, 551 U.S. 930 (2007) (discussing Ford motions for incompetence); In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (discussing petitioner seeking to regain a right to appeal under § 2255); Evans v. Smith, 220 F.3d 306 (4th Cir. 2000) (exhaustive review of all exceptions).

Additionally, the Fourth Circuit has held that Brady v. Maryland, 373 U.S. 83 (1963)[1] claims in "successive" habeas petitions require certification from the court of appeals. In Evans, the district court had adjudicated a prior federal habeas petition on the merits. When the petitioner, without seeking certification from the Fourth Circuit, filed a second habeas petition that included a Brady claim, the circuit court of appeals held:

> To exempt [the petitioner's] Brady claim from the requirements of § 2244(b) would thwart the statutory scheme and render Congress' limitations on second or successive petitions a nullity in a wide range of cases. Indeed, it would open the federal courts to all sorts of allegedly newly discovered claims without requiring petitioners to show both cause and prejudice.

Evans, 220 F.3d at 324.[2] The court of appeals continued, "[t]here is accordingly no reason not to count [petitioner's] now-adjudicated first petition as his one and only 'initial' petition when considering his present attempt to file a Brady claim." Id. at 325.

### B. Procedural Default

"A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennet v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not

---

[1] Brady requires prosecutors to disclose material exculpatory evidence in the government's possession to the defense. 373 U.S. at 87. In order for a constitutional violation to have occurred, the evidence suppressed must be material either to guilt or punishment. Id.

[2] Other circuits have arrived at the same conclusion. See Quezada v. Smith, 624 F.3d 514, 520-22 (2d Cir. 2010) (requiring petitioner with a Brady claim to satisfy the requirements of § 2244(b)(3)(C)); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259-60 (11th Cir. 2009) (per curiam) (distinguishing Ford claims from Brady claims because "the violation of constitutional rights asserted in [Brady] claims occur, if at all, at trial or sentencing and are ripe for inclusion in a first petition"); Johnson v. Dretke, 442 F.3d 901, 911 (5th Cir. 2006) ("In light of the plain text of AEDPA and our caselaw, we must conclude that a successive petitioner urging a Brady claim may not rely solely upon the ultimate merits of the Brady claim in order to demonstrate due diligence under § 2244(b)(2)(B) where the petitioner was noticed pretrial of the existence of the factual predicate and of the factual predicate's ultimate potential exculpatory relevance.").

4

'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). "If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)).[3]

Va. Code § 8.01-654 sets out the habeas timing requirements in Virginia courts. Under § 8.01-654(A)(2), a petition must be brought within one year after the final disposition of the direct appeal or the time for filing such appeal has expired, whichever is later. Under § 8.01-654(B)(2), the petition must contain all allegations and facts that the petitioner knows about at the time of filing. Both §§ 8.01-654(A)(2) and 8.01-654(B)(2) are adequate and independent state law procedural grounds that preclude review of the merits of a federal petition. See Sparrow v. Director, Dep't of Corrections, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (Va. Code § 8.01-654(A)(2) is an adequate and independent bar.); Mackall v. Angelone, 131 F.3d 442, 445-46 (4th Cir. 1997) (Va. Code § 8.01-654(B)(2) is an adequate and independent bar.).

Further, Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) is an adequate and independent state procedural bar that arises when a petitioner could have raised an issue at trial and on direct appeal, but failed to do so. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (Parrigan is an adequate and independent bar.).

*C. Merits Standard*

---

[3] The United States Supreme Court has allowed for federal review of untimely and/or procedurally defaulted petitions when the petitioner makes a colorable claim of actual innocence under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) and Schlup v. Delo, 513 U.S. 298 (1995). However, Tully makes no such claim in his current petition, and he had an actual innocence claim adjudicated in his first federal habeas action. Thus, Tully has failed to show that a fundamental miscarriage of justice excuses his default, and the court will not address his actual innocence.

5

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (omitting internal quotations).

### III. Analysis

*A. Successive Petition*

At the threshold, Tully's petition does not satisfy the requirements of 28 U.S.C. §§ 2244(b)(2)(A), 2244(b)(3), or any of the successive petition exceptions. First, Tully fails under § 2244(b)(2)(A) because his current claims do not rely on a new, retroactive rule of constitutional law that was previously unavailable. Tully also fails under § 2244(b)(3)

because he filed his first habeas petition in 2010 and did not request authorization from the Fourth Circuit Court of Appeals before filing the current petition. Additionally, under Evans, Tully's reliance on a Brady claim to circumvent the successive petition requirement in § 2244(b)(3) is unavailing.[4] Lastly, the successive petition exceptions do not apply to Tully's claims: the Eastern District of Virginia dismissed his first federal petition on the merits as procedurally defaulted under Va. Code § 8.01-654(B)(2), his claims were ripe at the time of filing his first federal habeas petition because the underlying facts existed at the time that Tully filed his first federal habeas petition, and he is not seeking to regain a right to appeal under § 2254.

Tully argues that his "discovery" that the Commonwealth neither gained custody nor tested the substance constitutes "new evidence." However, the Fourth Circuit held in United States v. Hairston, 754 F.3d 258 (4th Cir. 2014) that a numerically second federal habeas petition should only be considered proper under § 2244(b)(2)(B) when "the facts relied on by the movant seeking [relief] *did not exist* when the numerically first motion was filed and adjudicated." Id. at 262 (emphasis added). Tully's daughter's testimony and the fact that the Commonwealth did not ever gain custody of or perform forensic tests upon his daughter's arm and clothing occurred at or before trial. Therefore, Tully's current arguments and his Motion for Leave to Amend are unavailing: the facts underlying his claims existed prior the filing and adjudication of his initial federal habeas petition.

---

[4] The court could dismiss Tully's petition without prejudice and require him to receive authorization from the Fourth Circuit. However, because Tully's petition does not satisfy the requirements of § 2244(b)(3), is defaulted on other grounds, and ultimately is without merit, the court will dismiss with prejudice in the interests of justice and judicial expediency.

7

Further, previous courts found Tully's habeas claims as meritless and the evidence of his guilt to be substantial. For example, the Frederick County Circuit Court found Tully's current claims factually unfounded, and the United States District Court for the Eastern District of Virginia exhaustively reviewed the inculpatory evidence in Tully's initial federal habeas petition. The Eastern District held that the evidence of Tully's guilt was significant, and that Tully's testimony was "simply [] not credible." Tully v. Johnson, 2011 U.S. Dist. LEXIS 18062, at *24-32 (E.D. Va. Feb 22, 2011) (The court reviewed evidence from: four witnesses to Tully's attack, a first-responding police officer, a forensic expert regarding pepper spray, recorded phone calls from jail in which Tully admitted manhandling and kicking Lisa Hoskins, the defense's trial arguments, as well as Tully's claim of actual innocence.). The court concludes that, in light of the evidence as a whole, Tully's claim fails under § 2244(b)(2)(B) because he has not demonstrated that the factual predicate for his claims was undiscoverable through the exercise of due diligence, and he has also failed to prove, by clear and convincing evidence, that, but for alleged constitutional error, no reasonable factfinder would have found him guilty.

The court concludes that none of the exceptions allowing for successive petitions apply and Tully has not satisfied the requirements of §§ 2244(b)(2) or 2244(b)(3).

### B. *Procedural Default*

The Frederick County Circuit Court found Tully's current claims defaulted under both §§ 8.01-654(A)(2) and 8.01-654(B)(2). Under § 8.01-654(A)(2), Tully fails because the final disposition of his direct appeal ended in 2009; therefore, the proper time for filing a state habeas petition ended in 2010. He did not file the current action in state court until

2015. Tully does not satisfy the requirements of § 8.01-654(B)(2), either. At the time of the filing of his first state habeas petition in 2009, the facts underlying his current claims existed and were known to Tully or could have been discovered with due diligence. Therefore, Tully's petition is doubly defaulted under Va. Code § 8.01-654 and is not subject to federal review absent a showing of cause and prejudice. Tully has not demonstrated cause because he has not offered any information regarding why he was unable to file his habeas petition in a timely manner, and he has not proven prejudice because he has failed to proffer evidence that would demonstrate that, but for the alleged constitutional violation, the outcome of the trial would have been different.

Also, when the state habeas court rejected Tully's current claims in 2015, the Frederick County Circuit Court found his claims defaulted under Parrigan: "Tully could have developed evidence at trial regarding the Commonwealth's failure to have forensic testing done on the 'red substance.'" Tully v. Clarke, No. CL15-128, at 3 (Va. Cir. Ct. Aug. 4, 2015) (ECF No. 18, Attach. 1). The court agrees with the state habeas court's analysis, and Tully has not proven sufficient cause or prejudice that would excuse his default.

Therefore, because Tully has not shown cause and prejudice or a miscarriage of justice to excuse his defaults, Tully's claims are barred from federal review under the independent and adequate state procedural rules Va. Code §§ 8.01-654(A)(2), 8.01-654(B)(2), and Parrigan.

*C. Merits*

In Tully's 2015 state habeas petition, the Frederick County Circuit Court held that Tully's claim that the Commonwealth withheld Brady material and knowingly presented false testimony is without merit:

> Nothing in the record supports Tully's speculation that the red substance was something other than the blood of one, or both, of his victims. Under these circumstances, Tully cannot show the alleged 'newly discovered' evidence was exculpatory, suppressed, or material under Brady. Likewise, he cannot show that the victim's qualified answer was false, much less that the Commonwealth was aware of such falsity. Thus, Tully's claims are without factual basis.

Tully v. Clarke, No. CL15-128, at 2-3 (ECF No. 18, Attach. 1). The court agrees with the state habeas court's analysis.

First, Tully fails to plausibly articulate what the substance could have been; he cannot conclude that its forensic evidence would have been exculpatory without factual support. Second, he has not shown that the Commonwealth suppressed the material by failing to take custody or perform forensic testing on the materials. Lastly, he has not proven that his daughter's testimony and/or the lack of forensic testing had any effect on his conviction or sentencing. See Smith v. Phillips, 455 U.S. 209, 220 (1982) (requiring a showing of materiality in a false testimony claim). Considering the substantial evidence of his guilt and the strict requirements of federal habeas law, Tully's conclusory allegations are unavailing. Therefore, the court finds Tully's claims as without merit, because Tully has failed to prove his allegations, and the state court's decision was not contrary to, or an unreasonable application of, federal law, and was not an unreasonable determination of facts.

## IV.

For the reasons stated, the court **GRANTS** the motion to dismiss. Tully's petition is successive, his claims are procedurally defaulted, and he has not shown cause and prejudice

excusing his defaults. Regardless, his claims are without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Tully and to counsel of record for Respondent. Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

ENTER: This 5th day of May, 2017.

/s/ Michael F. Urbanski
United States District Judge